### No. 9942.

MRS. ELIZABETH SCHMITT, TUTRIX, VS. WIDOW R. B. SCHMITT.

*If the person whose duty it is to furnish alimony shall prove that he is unable to pay the
sum demanded out of his revenues, the judge may order that such person shall receive
in his own house, and their maintain and support the person to whom the alimony is due.*

APPEAL from the Civil District Court, Parish of Orleans.
*Tissot,* J.

---

*H. C. Cage & W. S. Benedict,* for Plaintiff and Appellant.
*Chas. F. Claiborne,* for Defendant and Appellee.

---

The opinion of the Court was delivered by

WATKINS, J. The plaintiff, in her capacity of tutrix of her minor
child, prosecutes this suit against the defendant, its paternal grand-

mother, for alimony, claiming $20 per month, "until the child shall have arrived at the age of majority, or at an age that she will be able to maintain herself."

She represents that Peter Schmitt, Jr., the father of the child, died on the 20th of July, 1882, and it was born on the 23d of February following, and is consequently about six years old. That the father was one of six children, issue of the marriage of Peter Schmitt, Sr., and Rosina Bohler, and that the former died on the 23d October, 1880, leaving an estate of about $12,000 in value, to one-twelfth of which the child became an heir, at the death of its father. That this property being that of the matrimonial community theretofore existing between said spouses, the defendant, as the survivor, retained the share of the heirs, as the legal usufructuary, and still so retains it, including the share of the minor.

Petitioner represents herself as being entirely without means of support, and without property, and that it is the duty of the grandmother, under the state of facts presented, to furnish alimony to said child, in proportion to her means and the child's condition in life, and that she has repeatedly demanded it of her without avail.

It appears from the evidence that, at the date of the demise of Peter Schmitt, Jr., he and his wife and two small children, were living in a house that belonged to the dissolved community, for which he had been paying his mother a small rent, and that, immediately thereafter his widow removed to the house of her brother, where she has since abided with her children, one of whom has since died.

Peter Schmitt, Sr., and the defendant were the owners of, and cultivated several small market gardens, and from the sale of vegetables realized something above a competency, which they had invested in small properties in their neighborhood.

After the death of her husband, the defendant and her sons and daughters continued the business, but not with profit. All the children have become of age, except one daughter of nineteen years, and, in the main, they live together somewhat after the manner of a community.

The proof shows that the property subject to the defendant's usufruct consists of real estate worth $5500, and $1625 95 in money. That the plaintiff is thirty-four years of age, and absolutely impecunious. That defendant is sixty-two years of age, and works daily in her garden for a living, the annual rents of her property, when collected, only amounting to about forty dollars.

We do not think that it is defendant's duty to furnish the alimony demanded, as she is evidently unable to pay the same out of her revenues; but we are of the opinion that the defendant should receive in her house and there support and maintain the minor, and furnish her what is necessary for her nourishment, lodging, support and education suited to her condition and station in life; and that she retain her until she attains her majority, or becomes sufficiently able to maintain and support herself. R. C. C. 230, 231, 233, 234.

This the defendant expresses a willingness to do.

Judgment affirmed.