No. 14,191.

WIDOW F. BEGUE vs. LOUIS A. HUBERT, RECEIVER.

SYLLABUS.

A debt, carrying on its face no stipulation as to interest, payable out of a particular fund yet to be collected, like taxes, is not due (in the sense that it draws inerest under the provision of law that debts bear interest from the time when they are due) until the fund is collected.

APPEAL from the Civil District Court, Parish of Orleans—*Ellis, J.*

*Emile Pomes,* for Plaintiff, Appellee.

---

*Charles Louque,* for Defendant, Appellant.

---

The opinion of the court was delivered by

BLANCHARD, J.   Plaintiff sues on Metropolitan Police warrants, or certificates, issued for salaries due to police officers for the years prior to 1877.

The aggregate of these warrants amount to the sum of $5,519.02.

She acquired the warrants by purchase from the original holders thereof, or their assignees.

Defendant is the Receiver of the Board of Metropolitan Police, a defunct corporation. See State *ex rel*. Brittin vs. City of New Orleans, 106 La. 469.

The prayer of her petition is for judgment against the Board, thus represented by the Receiver, for the aggregate sum of the warrants, with five per cent. interest on various amounts, going to make up the sum, from various dates purporting to represent the time when the warrants, respectively, became due; and that the judgment be made payable out of the Metropolitan Police taxes levied prior to the year 1879.

Judgment was rendered by the court *a qua* in accordance with the prayer, except that no interest on the warrants was allowed—the judgment being silent as to interest.

Defendant appeals, and in answer to the appeal plaintiff prays amendment of the judgment so as to allow interest as prayed for in her petition.

In his brief filed in this court counsel for defendant declares the appeal was taken so as to afford the City of New Orleans an opportunity to urge whatever objections she might have to the recognition of plaintiff's claim against the funds derived from the taxes levied for account of the Board of Metropolitan Police; that the assistant city attorney, who was present at the trial, stated he desired the case appealed.

Counsel further declares he had not, himself, been able to discover error in the judgment appealed from, admitting the evidence and the law justified the decree.

In the absence of any showing to the contrary by the City of New Orleans, it is assumed the city has nothing to urge in the way of error.

Nothing remains but to affirm the judgment, unless plaintiff's contention as to interest is well founded.

The certificates sued on are silent as to interest. Plaintiff's petition contains the allegation that the warrants declared on are payable out of the Metropolitan Police taxes, levied by the City of New Orleans prior to the year 1879.

This is an admission that the debt is payable out of particular reve-

nues. It is not alleged or shown that the revenues thus applicable to its payment have been collected and are in the treasury. See Fire Engine vs. City of New Orleans, 39 La. Ann. 982.

This being so, interest cannot be allowed.

Judgment affirmed.